Leokadya Wojczynska, Appellee, v. Chicago Consolidated Traction Company et al., Appellants.

Gen. No. 15,014.

NEGLIGENCE—*when doctrine res ipsa loquitur applies.* If a collision occurs between two traction trains the doctrine *res ipsa loquitur* applies if both of such trains are controlled by the defendant.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed July 15, 1910. Rehearing denied July 26, 1910.

JOHN A. ROSE and FRANK L. KRIETE, for appellants; W. W. GURLEY, of counsel.

JOHNSON, BELASCO & McCABE, for appellee; JOEL BAKER, of counsel.

588        APPELLATE COURTS OF ILLINOIS.

Wojczynska v. Chicago Consol. T. Co., 156 Ill. App. 587.

MR. JUSTICE MACK delivered the opinion of the court.

This is an appeal to reverse a judgment of $6,000 in a personal injury case.

The first count of the declaration alleges the control by defendants of street car tracks on Elston avenue, Chicago, and the operation by defendants of cars thereon; that she boarded a certain car of defendant's on Elston avenue to be carried southeast on Elston avenue; that defendants at and near the junction of another street, Belmont avenue, so carelessly, wrongfully and negligently drove, managed and operated the said car upon which the said plaintiff was upon, as to cause the same to collide with a certain other car running in an opposite direction on the said street.

The other two counts charged specific acts of negligence which were not sustained by any proof and which may therefore be disregarded.

The evidence tended to show a collision between the Belmont avenue car going west and the Elston avenue car going southeast in which plaintiff, a large woman, was a passenger, necessitating the transfer of the passengers. The observable physical injuries, due to her being thrown against the back of the seat in front of her, were very slight, but a miscarriage at four months pregnancy was testified to, as resulting from the accident and plaintiff also claimed that an exophthalmic goitre which developed six or eight weeks after the accident and persisted to the date of the trial, was due thereto. The only damage to the cars was some broken windows. Inasmuch as her own medical experts testified only that such a goitre might have been produced by shock to the system, and there is not a word in the record to justify a jury in concluding that whatever shock plaintiff had suffered, had even probably produced this goitre, defendants' motion to strike out all the testimony on this subject should have been granted and the overruling thereof constitutes reversible error.

Just how the collision occurred, whether the Belmont avenue car was going east or west and which car struck the other, are not at all clear from the conflicting testimony of plaintiff's witnesses. Defendants introduced none, taking the

position that they had no report of any accident and that none had occurred. It is probable, however, that a Belmont avenue car going east struck the car in which plaintiff was riding.

If both cars were controlled by defendants, the doctrine of *res ipsa loquitur* would apply. There is, however, no proof of the ownership or control of the Belmont avenue car. and no allegation thereof in the declaration. For aught that appears in this record, the Belmont avenue car was owned and controlled by third parties. The court cannot take judicial notice either of the ownership or of the control, and in the absence of an allegation of defendants' control of this car, not the one in which she was a passenger, the plea of the general issue does not absolve plaintiff from the duty of offering evidence thereon.

The allegation of the negligent management of the car in which plaintff was a passenger would be sufficient, if it were sustained by proof, but there is no proof that this car or those in control of it were in any way to blame. Inasmuch, however, as on proof that defendant controlled both cars, the mere fact of the collision would, under the doctrine of *res ipsa loquitur,* make out a *prima facie* case, and as this cause must be remanded, we refrain from commenting further upon the evidence or the defects pointed out in the instructions. These may well be obviated on another trial. Greater certainty, moreover, would be given to the declaration by a specific allegation of the control of both cars and the negligent operation of each of them.

*Reversed and remanded.*